IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE SPEARS, | : | |
| | : | |
| Plaintiff, | : | Case No. C2-06-470 |
| | : | |
| v. | : | |
| | : | JUDGE MARBLEY |
| BAUSCH & LOMB, | : | |
| | : | |
| Defendant. | | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. Defendant Bausch & Lomb ("B-L") moves this Court to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED.**

**II. FACTS**

Viewing Plaintiff's Complaint, Opposition, and Renewal of Opposition as a whole, Plaintiff generally avers as follows.

On or about the year of 2005, and throughout that year, Plaintiff Andre Spears alleges that he used "Renew or ReNu" (henceforth "ReNu") on the recommendation, order, or prescription of an unidentified doctor at the Ohio State University Medical Center. ReNu is the trade name of a line of products made by B-L, some of which are used to clean contact lenses. Plaintiff alleges that use of ReNu caused his vision to deteriorate to the point that he "cannot see

1

at all." Plaintiff states that as a result of the blindness caused by ReNu, he has experienced limitations on his freedom and now has physical handicaps.

This Court is unable to confidently discern which product or products were used by Plaintiff. He alleges in his Complaint that a doctor "prescribed" ReNu to him. In its Motion to Dismiss, Bausch & Lomb points out that there are "several, distinct ReNu brand contact lens solutions," none of which is sold on a prescription basis. In his Opposition and Renewal of Opposition, Plaintiff alleges that ReNu was "recommended or ordered rather than prescribed." Additionally, Plaintiff's Renewal of Opposition states that his sight was lost through the use of "both 'Contact Lens and Solution.'" Plaintiff's response brief contains a bar code, size in milliliters, a list of patents under which it was made, a web site address, and an order number of the type of product. It is still far from clear, however, which product or products are at issue in this case.

Plaintiff alleges that Bausch & Lomb violated his civil rights under 42 U.S.C. § 1983 by making the product that caused his blindness, and as a result seeks injunctive relief, compensatory and punitive damages, and costs including attorney fees.

### III. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, this Court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957)).  This Court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Conley*, 355 U.S. at 45-46.  While the complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).  While liberal, this standard of review does require more than the bare assertion of legal conclusions.  *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993).  A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Candy Shop Inc.* 859 F.2d 434, 437 (6th Cir. 1988).

A court will hold *pro se* litigants' pleadings to less stringent standards than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Federal courts sometimes also ignore the legal label attached to a *pro se* motion and recharacterize the motion in a different legal category.  *Castro v. United States*, 540 U.S. 375 (2003).  Notwithstanding this, "the general principle of American jurisprudence" is that "the party who brings a suit is master to decide what law he will rely upon." *Id*. at 386 (citations omitted).

### IV. LAW AND ANALYSIS

Plaintiff's Complaint should be dismissed only if it appears Plaintiff can prove no set of facts entitling him to recovery under the law.  Before judging Plaintiff's Complaint under the law, this Court must analyze the Complaint to determine which laws Plaintiff intends to invoke.  A court is under no duty to create a claim which a plaintiff has not asserted for himself.  *Scogin v. United States,* 33 Fed. Cl. 285, 293 (1995).

The factual allegations in Spears' Complaint state that Plaintiff used a B-L product, and that product harmed him. This is a set of facts that may give rise to an action against B-L under applicable products liability laws, but instead, Plaintiff repeatedly refers to his action as being brought under 42 U.S.C. § 1983, the federal statute providing actions for violation of civil rights.

Plaintiff's references to § 1983 are many. On page four of his Complaint, he refers to his "42 U.S.C. § 1983 Civil Action Complaint." His affidavit describes his "Complaint in 1983 Civil Action." His certificate of service refers to "Plaintiff's 42 USC § 1983 Civil Action Complaint." A footnote on the first page of his opposition to Defendant's motion states that "Section § 1983 authorizes relief for Constitutional Violation[s] committed under the Color of State and Federal Law." The memorandum attached to that opposition mentions 42 U.S.C. § 1983 three more times, and Plaintiff's renewal of that opposition invokes the law four more times. Nowhere in any of Plaintiff's pleadings does he refer to any other law or doctrine, such as products liability, that might entitle him to any relief.

Therefore, this Court views Spears' action as grounded only in 42 U.S.C. § 1983 and construes it as an action against B-L for violation of his civil rights.

In order for Spears to state a claim under § 1983, he must demonstrate that: (1) he was deprived of some right secured by the Constitution and laws of the United States; and (2) Defendant deprived him of this right while acting under color of state law. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978)).

Turning to the first prong of the § 1983 test, a deprivation of a right provided by the Constitution and laws of the United States, Plaintiff alleges that he became blind as a result of using Defendant's product. This allegation is plausibly viewed as a violation of his right to bodily integrity, a liberty interest that is protected by the Due Process Clause of the Fourteenth Amendment. "Every violation of a person's bodily integrity is an invasion of his or her liberty." *Washington v. Harper,* 494 U.S. 210, 237 (1990). Although Plaintiff did not specifically plead that this was the violated right, because of the liberal interpretation given to a pro se litigant's legal claims, and because blindness is bodily injury, this Court will assume that this is the liberty interest at stake.

Under the second prong, Spears must assert that someone acted in a way to deprive him of his liberty interest under color of state law or while acting as a state actor. *Searcy*, 38 F.3d at 286. Here, Plaintiff's claim fails.

A person acts under color of state law if he acts in accordance with "any statute, ordinance, regulation, custom, or usage" of the laws of the state. 42 U.S.C. § 1983. A private citizen may be sued under the act; "to act 'under color' of law does not require that the [defendant] be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *Moore v. Paducah*, 890 F.2d 831, 834 (6th Cir. 1989) (quoting *United States v. Price*, 383 U.S. 787, 794).

The only defendant in this case is B-L, a private corporation. In none of Plaintiff's pleadings does he allege that B-L acted alone under color of state law. Further, he does not allege that B-L engaged in joint activity with the State or its agents. Moreover, Plaintiff's Complaint named no state defendants (and specifically noted that his action "is not against State

Officials"). Plaintiff's claim under § 1983 fails because he makes no allegation that a defendant acted under color of law or in connection with anyone else acting under color of law.

Defendant asserts that it, as a private corporation, cannot be held liable under § 1983. This assertion is not entirely true. A private actor acts under color of state law "if . . . there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). This nexus can be shown if the state and the private actor conspired together to violate an individual's civil rights, constituting a civil conspiracy. *See, e.g., Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (civil conspiracy can constitute violation under § 1983).

In this case, there is no nexus between B-L's conduct in selling a product, even an allegedly defective one, and any State action. The Tenth Circuit faced the issue of joint action between private and state actors in *Fernandez v. Mora San Miguel Elec. Coop.*, 462 F.3d 1244 (10th Cir. 2006). In *Fernandez*, the court noted that "[w]hen a plaintiff seeks to prove [§ 1983] action based on a conspiracy theory, a requirement of the joint action charge . . . is that both public and private actors share a common, unconstitutional goal." *Id.* (10th Cir. 2006) (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)). This conspiracy must constitute "a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." *Id.* (quoting *Snell v. Tunnell,* 920 F.2d 673, 702 (10th Cir. 1990)).

The only possible connection with the state contained in Plaintiff's Complaint is that the allegedly deleterious product was "prescribed by a Doctor at Ohio State University Medical Center." It is possible that a doctor, employed by a state university, could conceivably function as a state actor. Thus, it is conceivable that B-L could operate jointly with the state; Plaintiff might allege that B-L and the doctor jointly operated a scheme whereunder Spears would be blinded. Plaintiff's Complaint, however, yields no such allegations.

Although Plaintiff is entitled to leeway in drafting his complaint as a non-lawyer, this cannot free him from the burden of alleging facts that would properly state a viable claim. Plaintiff may validly bring his § 1983 action against B-L only if he alleges that it acted "under color of law." There are absolutely no allegations that B-L cooperated with any state actor in conspiring to violate Spears' liberty interest or in any way acted under color of state law. Therefore, Plaintiff's Complaint must be dismissed.

### V. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

                                              s/Algenon L .Marbley
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED:  March 9 , 2007**